**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAIDEL NAVARRO-ZALDIVAR,

Petitioner,

v. Case No. 3:26-cv-196-WWB-PDB

RONNIE E. WOODALL, et al.,

Respondents.

---

**ORDER**

On July 2, 2026, this Court granted Petitioner's counseled Amended Petition to the extent that it ordered Respondents to either (1) provide Petitioner with a bond hearing or (2) release him from custody. (Doc. 16). Through counsel, Petitioner has filed an Emergency Motion to Enforce Judgment ("**Motion**," Doc. 18). He argues that Respondents did not comply with the Court's Order because, while a bond hearing was held on July 9, 2026, it did not comport with the constitutional requirements of due process because the immigration judge ("**IJ**") "did not appear to consider any of the evidence provided by Petitioner," did not consider any less restrictive means to incarceration, and concluded Petitioner was a flight risk without explanation. (*See id.* at 3–4). With his Motion, Petitioner provides an unofficial transcript of the bond hearing ("**Exhibit**," Doc. 18-1).[1]

---

[1] Petitioner also provides a link to the audio recording of the hearing, but the audio is difficult to hear and understand. (*See* Doc. 18 at 2).

Respondents oppose the Motion ("**Response**," Doc. 20), arguing the IJ conducted an "individualized bond hearing . . . [that] complied with this Court's Order, due process, and immigration law," and, after listening to Petitioner's argument regarding the relevant factors, concluded he was a flight risk. (*See id.* at 2–3 (citing and quoting *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006))). Respondents maintain that, if Petitioner is dissatisfied with the IJ's decision, his recourse is to seek review with the Board of Immigration Appeals ("**BIA**"). (*Id.* at 4–5).[2]

According to the unofficial transcript of the bond hearing, the IJ invited, listened to, and appeared to have considered argument touching on the relevant *Guerra* factors, and concluded that Petitioner was a flight risk. (*See* Doc. 18-1 at 4–6). Although the IJ did not explain the basis for the decision, the lack of explanation does not necessarily permit the conclusion that the IJ ignored this Court's Order or denied Petitioner due process. At bottom, Petitioner disagrees with the IJ's discretionary finding that he is a flight risk, a decision over which this Court lacks jurisdiction to sit in review. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Whether this Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *Id.* To the extent Petitioner disagrees with the IJ's determination, he may file an appeal with the BIA or request a custody redetermination.

Accordingly, it is **ORDERED** that Petitioner's Emergency Motion to Enforce Judgment (Doc. 18) is **DENIED**.

---

[2] Petitioner filed a reply (Doc. 21) but did not seek leave of Court to do so. As such, the Court will not consider it. *See* M.D. Fla. R. 3.01(e) ("No Reply as a Matter of Right").

**DONE AND ORDERED** in Jacksonville, Florida, on September 8, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of Record